**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-03247-REB-AP
(Bankruptcy Case No. 13-22392-SBB Chapter 7)

In re: LARRY IVAN BEHRENDS,

    Debtor.

---

Adversary No. 13-1613-SBB

VIRGINIA COOLEY-LINDER,
COOLEY-LINDER'S RETAIL PROPERTY, LLC,
VIRGINIA C. LINDER AND DARRELL F. LINDER, LLC,
COOLEY LINDER'S FRENCH QUARTER, LLC,,

    Plaintiff - Appellee,

v.

LARRY IVAN BEHRENDS,

    Defendant - Appellant.

---

**ORDER AFFIRMING ORDER OF THE
UNITED STATES BANKRUPTCY COURT**

---

**Blackburn, J.**

The defendant-appellant filed a timely appeal of a final order of the United States Bankruptcy Court for the District of Colorado. The appellant filed an opening brief [#27][1], the appellees filed an opening brief [#29], and the appellant filed a reply brief [#30]. I affirm the order of the bankruptcy court.

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I. JURISDICTION

Under 28 U.S.C. § 1334, United States District Courts have original jurisdiction in all civil proceedings arising in cases under Title 11, United states Code. I have jurisdiction to adjudicate this bankruptcy appeal under 28 U.S.C. § 158(a)(1).

## II. STANDARD OF REVIEW

The appellant, Larry Behrends, appeals an order of the bankruptcy court granting the motion for summary judgment of the plaintiffs in the above-captioned adversary proceeding. In the same order, the bankruptcy court denied the cross-motion for summary judgment of Mr. Behrends. Generally, a *de novo* standard of review applies to appellate review of an order granting summary judgment. **Foster v. Alliedsignal, Inc**., 293 F.3d 1187, 1192 (10th Cir. 2002). On appellate review, the reviewing district court applies the standards for summary judgment under Fed. R. Civ. P. 56 used by a trial court. *Id*.; **see Farha v. F.D.I.C.**, 963 F.2d 283, 286 (10th Cir. 1992) (de novo standard of review applies to grant of summary judgment on issue of collateral estoppel). Thus, sitting as an appellate court, this court must consider "the evidence in the light most favorable to the nonmoving party and determine if a genuine issue exists as to any material fact and if the court below correctly applied the relevant law." **Farha**, 963 F.2d at 286.

## III. BACKGROUND

On September 9, 2011, the Financial Industry Regulatory Authority (FINRA) entered an arbitration award titled "Award - FINRA Dispute Resolution." *Record on Appeal* (ROA) [#26], Vol. I, part I [#26-1], CM/ECF pp. 53 - 59 (FINRA Award). The FINRA Award was issued by a panel of arbitrators. Larry Behrends, the debtor in this bankruptcy case,

was named as a respondent in the arbitration proceeding. The claimants alleged Mr. Behrends, acting as a securities dealer, had sold securities to the claimants under circumstances which constituted fraud, a violation of securities laws of Colorado and Texas, a breach of fiduciary duty, and negligence. *ROA* [#26], Vol. I, part I [#26-1], CM/ECF pp. 19 - 42 (Statement of Claim). It is undisputed that Mr. Behrends had notice of the FINRA proceeding and he filed an answer in response to the statement of claim of the claimants. *ROA* [#26], Vol. I, part I [#26-1], pp. 44 - 51 (Answer). In his Answer, Mr. Behrends disputed all of the claims asserted by the claimants.

Although none of the respondents, including Mr. Behrends, appeared at the FINRA hearing, the "Panel proceeded to require that Claimants prove both liability and damages, which they did, and the award was based upon that showing." *FINRA Award*, [#26-1], CM/ECF p. 56. The arbitration panel found in its award that Mr. Behrends "is required to submit to arbitration pursuant to the Code of Arbitration Procedure (the "Code") and having answered the claim, is bound by the determination of the Panel on all issues submitted." *Id.* The panel found Mr. Behrends knew about the hearing conducted by the panel and found Mr. Behrends chose not to appear at the hearing. *Id.* Further, the panel found that Mr. Behrends had been given "proper notice and adequate opportunity to be heard." *Id*.

After considering "the pleadings, the testimony, and evidence presented at the hearing," the panel "found multiple violations of the Colorado state and federal securities laws (as defined in Section 3(a)(47) of the SEC Act of 1934)." *Id*. The panel did not sustain any of the other claims asserted by the claimants. Immediately following its finding

of multiple violations of the securities laws, the panel awarded damages in specific amounts against each of the respondents, including Mr. Behrends. *Id.*, pp. 56 - 57. The panel stated that the "arbitrators have provided an explanation of their decision in this award. The explanation is for the information of the parties only and is not precedential in nature." *Id.*, p. 57.

On July 19, 2013, Mr. Behrends filed the underlying Chapter 7 bankruptcy case. The bankruptcy court granted relief from the automatic stay, and the appellees sought confirmation of the FINRA Award in state court. On January 30, 2014, the District Court for the City and County of Denver, Colorado, entered an order "Confirming Arbitration Award and Entering Judgment Thereon as to Defendant Larry Ivan Behrends." *ROA* [#26], Vol. I, part II [#26-2], p. 17. Mr. Behrends did not oppose the effort to obtain confirmation of the FINRA Award and the entry of judgment based on the award. Mr. Behrends did not appeal that order and judgment.

The appellees then initiated this adversary proceeding seeking to have the debt reflected in the FINRA Award declared non-dischargeable under 11 U.S.C. § 523(a)(19). Section 523(a)(19) includes two requirements, stated in subparagraphs (A) and (B). Under § 523(a)(19)(A), a bankruptcy discharge does not discharge any debt for "the violation of any of the Federal securities laws, any of the State securities laws." Under § 523(a)(19)(B), the securities violation must result "before, on, or after the date on which the petition was filed, from any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding." § 523(a)(19)(B).

In its order granting the motion for summary judgment of the appellees, the bankruptcy court concluded that the "FINRA award is a debt for violation of securities laws

in connection with the sale of a security." *ROA* [#26], Vol. I, part II [#26-2], CM/ECF pp. 85 - 94 (Summary Judgment Order), CM/ECF p. 91.

> (T)he Panel specifically found that the Debtor was liable to the Plaintiffs for multiple violations of the Colorado state and federal securities laws (as defined in Section 3(a)(47) of the SEC Act of 1934). This language of the FINRA award flawlesly mirrors and encapsulates the language of Subsection A of Section 523(a)(19).

*Id*. (internal quotation of FINRA Award omitted). The bankruptcy court noted that Mr. Behrends filed an answer in the FINRA proceeding and willingly opted not to present evidence or testimony in his defense at the FINRA hearing. Further, the bankruptcy court noted that the claimants in the FINRA proceeding were required to present evidence of liability and damages at the FINRA hearing. *Id*. Thus, the bankruptcy court concluded, the FINRA panel made determinations on the merits and Mr. Behrends was given a meaningful opportunity to defend himself. *Id*. The bankruptcy court described the FINRA Award as being entered against Mr. Behrends as an award "by default." *Id*., CM/ECF p. 85.

Addressing the requirement of § 523(a)(19)(B), the court noted that FINRA is not a federal or state judicial or administrative body. Thus, absent confirmation of the FINRA Award by a court of competent jurisdiction, the award alone cannot provide a basis for finding the debt to be non-dischargeable. *Summary Judgment Order* [#26-2], CM/ECF p. 92. The bankruptcy court found it is undisputed that the Denver district court confirmed the FINRA Award and that the Denver district court is a judicial body under § 523(a)(19)(B).

Finally, the bankruptcy court analyzed the application of collateral estoppel, *i.e*, issue preclusion, to the FINRA Award and the order confirming the award.  The court found that collateral estoppel barred further litigation of the issues underlying the FINRA Award and the order confirming the award.  *Summary Judgment Order* [#26-2], CM/ECF pp. 92 - 93.

In this appeal, Mr. Behrends contends the bankruptcy court erred when it applied collateral estoppel to the FINRA Award and the order confirming the award as a basis for finding the underlying debt of Mr. Behrends non-dischargeable.  Mr. Behrends raises six issues:

> A.   Whether Plaintiffs in the adversary proceeding below failed to meet their burden to prove that the Financial Industry Regulation Authority's ("FINRA") award on which they and the Bankruptcy Court relied met all four elements necessary for the Bankruptcy Court properly to apply collateral estoppel issue preclusion;
>
> B.   Whether the Bankruptcy Court erred when it determined the FINRA panel's award, entered as a default judgment – where Mr. Behrends' only participation in that arbitration was to respond to the demand, and after which he did not participate further – was nonetheless entitled to preclusive effect under the doctrine of collateral estoppel;
>
> C.   Whether the Bankruptcy Court erred when it determined the FINRA panel's award, in which that panel determined only:
>
>> 1. The Panel found multiple violations of the Colorado state and federal securities laws (as defined in Section 3(a)(47) of the SEC Act of 1934);
>>
>> * * *
>>
>> 10. The arbitrators have provided an explanation of their decision in this award. The explanation is for the information of the parties only and is not precedential in nature;
>
> and containing no specific findings of fact and no specific conclusions of law, was entitled to preclusive effect under the doctrine of collateral estoppel

where the Bankruptcy Court could not and this Court cannot determine whether these are claims that panel actually determined, and, if so, on what basis;

D.   Whether the Bankruptcy Court erred when it determined its conclusion was "further bolstered by" (albeit "not based upon") the FINRA Office of Hearing Officers' May 30, 2012 "Default Decision", where there was no appearance by or on behalf of Mr. Behrends in that proceeding and that decision was never confirmed by a court of competent jurisdiction;

E.   Whether the Bankruptcy Court further erred when it determined the FINRA "Default Decision" referred to the plaintiffs in the adversary proceeding, and did so relying solely on materials that were not admissible in evidence and thus improper under Fed. R. Civ. P. 56(c)(2) and (c)(4), as Fed. R. Bankr. P. 7001 and 7056 make those rules applicable to the adversary proceeding below, and L.B.R. 7056-1(c), (f) and (g); and

F.   Whether, under 11 U.S.C. § 523(a)(19)(B) and *In re Jafari*, 401 B.R. 494, 495, 499-500 (Bankr. D. Colo. 2009), the Bankruptcy Court lacks subject matter jurisdiction to determine liability issues on any underlying issues of alleged violations of state or federal securities laws.

Five of the six issues raised by Mr. Behrends concern collateral estoppel, or issue preclusion. The final issue concerns the jurisdiction of the bankruptcy court to make an independent finding that a securities violation has occurred.

### III.  ANALYSIS

#### A.  Collateral Estoppel Standard

Under the law of the United States Court of Appeals for the Tenth Circuit, collateral estoppel bars a claim if four elements are met:

(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009).  The terms "issue preclusion" and

"collateral estoppel" are synonymous. *Id*. n. 7.

Mr. Behrends contends the effects of collateral estoppel on a judgment of a state court must be determined by the law of the forum in which the prior judgment was rendered. The Supreme Court of the United States has held that, for judgments in diversity cases, the preclusive effect of a state court judgment must be determined by "the law that would be applied by state courts in the State in which the federal diversity court sits." ***Semtek Intern. Inc. v. Lockheed Martin Corp.***, 531 U.S. 497, 508 (2001). Of course, this is a bankruptcy appeal and not a diversity case, but the preclusive effect of a state court judgment is at issue.

Mr. Behrends cites the standard governing collateral estoppel applied by the Supreme Court of the State of Colorado:

> (1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior action; (2) the party against whom estoppel is sought was either a party to the prior action or in privity with a previous party; (3) a final judgment was entered on the merits in the prior proceeding; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issues in the prior proceeding.

***Concerning Application for Water Rights of Sedalia Water and Sanitation District in Douglas County***, 343 P.3d 16, 22 (Colo. 2015). The Colorado standard can be seen as slightly more stringent than the Tenth Circuit standard because it includes the "actually litigated" requirement not stated explicitly in the Tenth Circuit standard. Otherwise, the two standards are effectively the same. Thus, I include the Colorado "actually litigated" requirement in my analysis.

8

### B. Issue Actually Litigated and Necessarily Adjudicated

Mr. Behrends claims the plaintiffs in the adversary proceeding did not show that the issue of violations of securities law by Mr. Behrends was actually litigated and necessarily adjudicated in the FINRA proceeding. He claims this is true because the FINRA Award contains no specific findings of fact and no specific conclusions of law.

The FINRA award contains few findings of fact tied directly to the securities violations at issue. However, even though no respondent appeared at the hearing, the "Panel proceeded to require that Claimants prove both liability and damages, which they did, and the award was based upon that showing." *FINRA Award*, [#26-1], CM/ECF p. 56. After considering "the pleadings, the testimony, and evidence presented at the hearing," the panel made conclusions of law. *Id.* Most important, the panel "found multiple violations of the Colorado state and federal securities laws (as defined in Section 3(a)(470) of the SEC Act of 1934)." *Id*. Based on those violations, the panel assessed damages against each of the respondents. These statements in the FINRA Award demonstrate that the issue of securities law violations of Mr. Behrends was actually litigated and necessarily adjudicated in the FINRA proceeding.

Further, the issue of damages attributable to Mr. Behrends based on those violations also was actually litigated and necessarily adjudicated in the FINRA proceeding. The FINRA Award, including damages attributed to the actions of Mr. Behrends, was based solely on violations of securities laws. Thus, there is no question that the findings of the FINRA panel and the corresponding damages awarded by the panel involve a liability that is not dischargeable under § 523(a)(19).

Mr. Behrends cites also the statement of the FINRA panel that the "arbitrators have provided an explanation of their decision in this award. The explanation is for the information of the parties only and is not precedential in nature." *FINRA Award*, [#26-1], CM/ECF p. 57. However, the statement does not undermine the fact that the claimed securities law violations of Mr. Behrends were actually litigated and necessarily adjudicated in the FINRA proceeding. Absent litigation and adjudication, the FINRA panel could not consider the evidence presented by the claimants and then award specific amounts of damages against Mr. Behrends, as it did. This statement by the FINRA panel does not undermine the application of collateral estoppel to the FINRA Award and the court order confirming that award.

### C.  Full & Fair Opportunity To Litigate

There is no dispute that Mr. Behrends had notice of the FINRA proceeding, filed and answer in the FINRA proceeding, and failed to appear at the FINRA arbitration hearing, which was held in Denver, Colorado. It is undisputed that Mr. Behrends did not contest the motion to have the FINRA Award confirmed by the Denver district court and he never appealed that order or sought reconsideration of that order.

Nevertheless, Mr. Behrends claims he did not have a full and fair opportunity to litigate the issues presented in the FINRA proceeding. His argument on this point loops back to the issue of whether a claim was actually and necessarily litigated, and discusses the preclusive effect of default judgments. *Opening brief* [#27], pp. 11 - 13. However, actual litigation is different from a full and fair opportunity to litigate. Focusing on his opportunity to litigate, Mr. Behrends says only: "Behrends did not appear at the FINRA hearing and did not have a full and fair opportunity to litigate any of the issues before the

panel." *Id*., p. 13. He cites nothing which prevented him from participating in the FINRA hearing or in the state court confirmation proceedings. He simply says he did not participate and concludes that his decision not to participate, without more, shows he did not have a full and fair opportunity to litigate. A person who is on notice that a particular issue is being litigated in a particular forum and who is made a party to that litigation may not claim they did not have a full and fair opportunity to litigate solely because they chose not to participate in the litigation. ***See, In re Water Rights of Elk Dance Colorado, LLC***, 139 P.3d 660, 669 (Colo. 2006).

Noting decisions about the preclusive effect of default judgments, Mr. Behrends contends there was no basis on which the bankruptcy court could properly find that the claimed violations of securities laws were fully presented, defended, and litigated in the FINRA arbitration. *Opening brief* [#27], p. 13. The FINRA Award provides an adequate basis for the conclusion that the claimed violations of securities laws were fully presented and litigated before the FINRA panel. The fact that they were not defended is a fact for which Mr. Behrends bears sole responsibility. Mr. Behrends had a full and fair opportunity to defend. The fact that he chose to waive or forfeit that full and fair opportunity does not mean there was no such opportunity.

### D.  Conclusion - Collateral Estoppel

Mr. Behrends does not claim that the securities law issue in the FINRA proceeding is not identical to the securities law issue in the dischargeablility proceeding before the bankruptcy court. Mr. Behrends was a party in the FINRA proceeding, the Denver district court confirmation proceedings, and the dischargeability proceeding. It is undisputed that a final judgment confirming the FINRA proceeding was entered by the Denver district

11

court.  The issue of the securities law violations of Mr. Behrends was actually litigated and necessarily adjudicated in the FINRA proceeding and the Denver district court confirmation proceeding.  Mr. Behrends had a full and fair opportunity to litigate in both of those forums, but chose not to litigate.  Given these circumstances, the bankruptcy court properly applied collateral estoppel to the FINRA Award and the Denver district court judgment confirming that award.  Viewing the evidence in the record in the light most favorable to Mr. Behrends, the bankruptcy court properly granted summary judgment to the plaintiffs in the dischargeability proceeding.

### E.  Bolstering

Mr. Behrends claims the bankruptcy court compounded its error when it said its conclusion "is further bolstered by, but is not based upon," the findings and conclusions in a FINRA disciplinary proceeding against Mr. Behrends.  *Summary Judgment Order* [#26-2], CM/ECF p. 91.  In the FINRA disciplinary proceeding, the hearing officer found Mr. Behrends had violated securities laws in at least some of the same transactions that were at issue in the FINRA proceeding discussed above.  Mr. Behrends did not appear in the disciplinary proceeding.  The decision of the hearing officer is titled "Default Decision."  *ROA* [#26], Vol. I, part II [#26-2], CM/ECF pp. 22 - 29.  That decision provides even more detailed findings of fact than does the FINRA Award.

Based solely on the FINRA award, and independent of the Default Decision, the bankruptcy court properly applied collateral estoppel in the dischargeability proceeding.  The fact that the bankruptcy court looked to the Default Decision for some confirmation, but explicitly did not base its collateral estoppel determination on the Default Decision, is not error.

## IV.  CONCLUSION & ORDERS

The bankruptcy court properly found that collateral estoppel is applicable to the FINRA Award against Mr. Behrends and the order of the Denver district court confirming that award and entering judgment based on that award.  From there, the bankruptcy court properly found that the damages assessed against Mr. Behrends based on his violations of securities laws are not dischargeable under § 523(a)(19).  Given these conclusions, there is no need to address the contention that the bankruptcy court lacks subject matter jurisdiction independently to determine liability on a claim of a violation of securities law.  Here, the bankruptcy court properly relied on the determinations of an arbitration panel and a state district court which clearly do have such subject matter jurisdiction.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Order Granting Plaintiffs' Motion for Summary Judgment and Denying Debtor's Cross-Motions for Summary Judgment** entered by the United States Bankruptcy Court for the District of Colorado on October 24, 2014, in Adversary Proceeding No. 13-1613-SBB is affirmed; and

2.  That this case, Civil Action No. 14-cv-03247-REB-AP is closed.

Dated September 30, 2014, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge